The opinion of the court was delivered by
Manning, C. J.
The defendant was indicted for, and convicted of, ■murder, and was sentenced to be hung.
The trial was at the last December term of East Oarroll, and the reoord fails to shew that the prisoner was present in court at any time during the trial. It does not shew any arraignment whatever. ■ The record opens with the appearance in court of the grand jury, then follows the indictment, and the service of a copy of it and of the venire on the prisoner, and then the trial, conviction, and sentence.
The appeal was lodged here December 27, 1878. On Feb. 17, 1879 the district judge who tried the case made an order in chambers, directing the clerk to ‘ amend, correct, or supply the minutes of the court for the December term 1878,’ so as to shew that the prisoner was present in court during the whole of the trial, and the clerk has done it.
It is impossible for us to sanction this mode of correcting the ■minutes, ex parte, and without notice to the prisoner. The minutes of •court may be corrected in a criminal, as well as in a civil cause. The correction may be made out of term, or at a subsequent term, and although a different judge is on the bench. State v. Folke, 2 Annual, 744 There is no doubt that when the minutes fail to state the presence of a defendant in court on a criminal trial, and the fact is that he was .present, the minutes may be corrected so as to shew the truth. It may *388 be done, either before the lower court has lost jurisdiction by granting-an appeal, or if done after appeal, the corrected record will be brought, up under a writ of certiorari from this court. State v. Gates, 9 Annual, 94. State v. Carroll, not yet reported.
But even if the minutes had been properly corrected, the failure to arraign the prisoner is a fatal defect. The absence of a plea is of itself fatal, Ford’s case, 30 Annual, 311, and the arraignment precedes the plea,, and in felonies is indispensable. State v. Lartigue, 6 Annual, 404 Epps’ case, 27 Annual, 227. 3 Wharton Crim. Law, § 3153 et seq.
It is further urged that the drawing of the venire for the term was irregular — that the clerk did not take the oath of jury commissioner before the drawing, and was not in fact present thereat, and for other causes.
The clerk had before, and during his present term of office, taken-the oath as jury commissioner. It is not necessary that he should renew it at every drawing during his term. The clerk was offered as a witness to prove his absence from the drawing. Objection was made that the procés verbal recited his presence, and he with the other commissioners had signed it. The objection was good. He will not be permitted to stultify himself by swearing that to be false which he had in a formal official Act asserted to be true.
The other causes are that only two of the jury commissioners acted in the drawing, that the general list had not been examined and names stricken therefrom, etc. It was urged that none of these objections could be heard, because the defendant did not make them on the first day of the term. It is true, no indictment had been found against the-prisoner on the first day of the term, but we are not prepared to say that, when a man is charged with crime and is in prison under that charge, although not yet indicted, he will not be held bound to take-notice of the meeting of court, and to make his objections to the venirethen. But however this may be, there was a motion made to set aside-the venire and annuli the drawing by other persons on the first day of the term, and after hearing testimony, the drawing was adjudged null' for vital irregularities, and the venire was set aside.
This was an end of that jury. The moment that decree was rendered, the men composing that venire were discharged from jury duty for that term under that drawing. The inevitable effect of setting aside-a venire is to disperse the jury for the term, and until the General Assembly shall give to the courts the power to have another jury drawn immediately, and, thus save the jury causes from going over, or the-term from lapsing, it must produce that sometimes disastrous effect.
The judge appears to have ruled that a motion made by a defendant on the first day of the term, in anticipation of a trial he was to- *389 undergo, could not inure to the benefit of other defendants. That is true in a measure, but in applying it here, he is confounding a motion to quash a particular indictment with a motion to set aside the whole venire. If the venire is bad and illegally drawn, the jurors composing it are no longer jurors, and the judge should have discharged them.
The conviction under such proceedings cannot stand for a moment. Therefore
It is ordered, adjudged, and decreed that the verdict of the jury is set aside, the judgment thereon is annulled and reversed, and the prisoner is ordered to be held in close custody to await a new indictment and a trial thereunder.